Welch, C. J.
Some mistake probably occurred in get *196 ting up the record in this cause. It shows that the second and third grounds of action were stricken from the petition before the trials and again stricken out upon the trial, and without assigning, in either case, any reason for the order, and yet the court afterward, in its charge to the jury, proceeds upon the theory that these counts were still in the petition.
The ground on which these counts were stricken out must have been, that neither of them was supposed to set forth a good cause of action. If that be true, then there was no error in striking them out. As to the third count, we think the action of the court is sustainable on that ground. It alleges no actual violence by the husband, no physical injury to the person or health of the wife. It merely charges that she has suffered mental anguish, disgrace, and loss of society or companionship. This is not sufficient. It does not amount to “ injury to the person,” within the meaning of the statute. We think, therefore, that the court did not err, to the prejudice of the plaintiff, either in striking the third count from her petition, or in rejecting evidence offered to sustain it.
In striking out the second count, which aptly and plainly charges an injury to the plaintiff in her “ means of support,” we think the court erred. Nor was the error cured by the court subsequently charging the jury to consider the matters set up in said count, and the evidence given thereunder. After these counts were stricken out, we must presume that the plaintiff confined her evidence to the first count, which alone was then in issue, and that she was thus prevented, in whole or in part, from adducing evidence under the second count.
Did the court err in its instructions to the jury ? We think it did, in three particulars.
1. We think the court erred in its exposition of the law as regards the injury to the plaintiff’s “property.” If the drunken husband wrongfully took, or wrongfully converted the wife’s chattels, the “injury” thereto, which the statute speaks of, was complete, and she might sue the vendor of the *197 liquor at once, without any previous demand or notice. Such demand or notice might be necessary in an action by the wife against the vendee of the chattel, for his conversion of the property. But the action under these statutes is not brought for the vendee’s conversion of the property. It is brought for the husband’s conversion, committed while under intoxication effected by the defendant. It was enough that the husband knew the property to be hers, and knew that she claimed it as such. The object of the statute is to make the liquor seller liable for the husband’s wrongful act. The wrongful act for which the defendant was sued was not the conversion of the property, but the sale of the liquor.
2. We think also that the court erred in its charge to the jury, in regard to the wife’s “ means of support.” In order to sustain her action under these statutes for injury to her means of support, it is by no means necessary she should show that she has actually been without support, or been, at any time, in whole or in part, deprived of means of support. Means of support relate to the future as well as to the present. It is enough if she show that the sources of her future support have been cut off, or diminished below what is reasonable and competent for a person in her station in life, and below what they otherwise would have been. Of course the damages in such case would not be commensurate with the amount of loss or injury to the husband’s estate, but merely the diminution, if any, thereby resulting to the wife’s means of present and future support. What those damages are, in any given case, the legislature have seen proper to leave in these broad terms to a jury to determine. A wife’s means of support — her reasonable alimony or allowance for maintenance — is a matter quite well known to the law ; and there is no good reason why the legislature should not submit the question of its amount and value, as it seems to have done by these statutes, to the determination of a jury, under the instruction and supei-vision of the court.
3. It seems to us, also, that the court erred in saying to the jury, as it did, that in order to maintain a case under *198 these statutes, it must appear that the injury resulted directly and immediately from the drunkenness, and during its continuance, and not from insanity, sickness or inability, induced by intoxication. The health of the husband, and his ability to labor, are often, to a greater or less extent, the means of the wife’s support. In many cases, to destroy these, is to destroy her means of support. To take away the husband’s power to accumulate means of future support for his wife, is, within the meaning of the law, to injure her in her means of support.
Judgment reversed, and cause remanded for further proceedings.
White, Dat, McIlvaine and'West, JJ., concurred.